**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TAMOND THOMAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1595-G** |
| | ) | |
| **WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Tamond Thomas, a federal prisoner proceeding pro se, filed a document that the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice.

## I.   Background

On July 8, 2026, the Court explained to Petitioner that he needed to cure various deficiencies in his initiating documents. Doc. 5. Specifically:

1. The Court informed Petitioner that his Petition, Doc. 1, was not on the proper form and did not provide the necessary information, and ordered Petitioner to file an amended petition.

2. The Court informed Petitioner that he must either pay a filing fee of $5.00 or seek leave to proceed in forma pauperis, and ordered Petitioner either to pay the filing fee or to file an application to proceed in forma pauperis.

Doc. 5 at 1-3.

The Court ordered Petitioner to cure the deficiencies not later than July 29, 2026, and warned that failure to do so may result in dismissal of this action. *Id.* at 3. Staff notes on the Court's ECF docket indicate the Clerk of Court mailed the Order and the appropriate forms to Petitioner at his last known address. A review of the case docket indicates that, as of this date, Petitioner has failed to comply with the Order, as he has not (1) filed an amended petition, or (2) either paid the filing fee or filed an application to proceed in forma pauperis. Nor has he attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

The docket further reflects that the Postmaster has returned the Order and other documents back to the Court as undeliverable. Docs. 6-7. A review of the docket reveals that, as of this date, Petitioner has not notified the Court of a new address. Petitioner is responsible for notifying the Court of any change of address, LCvR5.4(a), and "papers sent by the court will be deemed delivered if sent to the last known address given to the court." *Id.* (citation modified); *accord* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties . . . bear the burden of filing notice of a change of address [and] [t]he fact that [petitioner] is acting pro se does not eliminate this burden.").

## II.    Failure to Comply with Orders and Rules

A court has the inherent authority to manage its own affairs and may dismiss an action if the petitioner "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). A

2

litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Id.* And Petitioner's pro se status does not exempt him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Petitioner failed to comply with the Court's Order and rules. These failures, combined with the Court's inherent power to manage judicial resources, warrant dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

### III.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**. Petitioner is advised of his right to object to this Report and Recommendation.[1] *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **August 20, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[1] The Petition indicates that, at the time of filing, Petitioner was held in the Grady County Detention Center. The Clerk of Court maintains a database with standard mailing addresses for each jail or prison. The standard mailing address is entered on the docket as the prisoner's address, even if the prisoner lists a different address for the custodial facility. As such, the Order was mailed to Petitioner using the standard mailing address for the Grady County Detention Center (215 N. 3rd Street, Chickasha, OK 73018). However, the envelope Petitioner used to submit his Petition shows a return address of P.O. Box 1498, Chickasha, OK 73023, which appears to be an alternate address for inmate mail at the Grady County Detention Center. *Compare* https://gradycosheriff.com/inmate-search, *with* https://gccja.com/inmate-services. In an abundance of caution to ensure Petitioner is given the opportunity to object, the Clerk of Court is instructed to mail this Report and Recommendation to Petitioner at both addresses.

Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE